UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FANNIE MAE, A/K/A FEDERAL NATIONAL
MORTGAGE ASSOCIATION,

        Plaintiff,

v.

BRYON H. MANGLOS,

        Defendant.
_____/

CASE NO. 12-13618

HON. MARIANNE O. BATTANI

BRYON H. MANGLOS,

    Counter and Third-Party Plaintiff,

v.

FANNIE MAE,

    Counterdefendant,

and

FEDERAL HOUSING FINANCE AGENCY and
BANK OF AMERICA, NA,

    Third-Party Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS FANNIE MAE AND BANK OF AMERICA'S MOTION TO DISMISS COUNTS I-III IN THE COUNTERCOMPLAINT**

      Before the Court is Federal National Mortgage Association ("Fannie Mae") and Bank of America, N.A.'s ("BANA") Motion to Dismiss the Countercomplaint (Doc. No. 9). The Court granted in part Fannie Mae and BANA's motion and dismissed Counts IV and V of the First Amended Countercomplaint and took the request for dismissal of Counts I-III

under advisement. In addition, the Court reviewed the supplemental authority submitted in support of Defendants' motion. (See Doc. Nos. 20, 21). For the reasons that follow, the motion is **GRANTED** and the remaining Counts are **DISMISSED**.

## I. FACTS AND PROCEDURAL BACKGROUND

This case involves real property located at 9857 Rose St., Taylor, Michigan 48180. Bryon Manglos obtained a mortgage loan for $182,950 (the "Loan") from Republic Bank, as evidenced by a promissory note ("Note"). (Doc. No. 6, Ex. 1). Manglos granted a mortgage ("Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS") as mortgagee in its capacity as nominee for the lender, its successors, and assigns. (See Doc. No. 6, Ex. 2). The Mortgage was recorded with the Wayne County Register of Deeds on January 14, 2005.

MERS subsequently assigned the Mortgage to Countrywide Home Loans Servicing, LP ("Countrywide"). (See Doc. No. 9, Ex. 3). The Assignment was recorded with the Wayne County Register of Deeds on March 13, 2009. The following month, Countrywide changed its name to BAC Home Loans Servicing, LP ("BACHLS"). BANA is successor by merger to BACHLS.

After Manglos defaulted on his Loan obligations, BANA initiated foreclosure by advertisement proceedings. (See Doc. No. 6 at ¶ 15). According to Plaintiff, his request for a loan modification was denied, and a foreclosure sale was held on January 12, 2012. (Doc. No. 6 at ¶ 17). BANA purchased the Property. (See Doc. No. 9, Sheriff's Deed Ex. 4). BANA subsequently conveyed its interest in the Property to Fannie Mae.

Fannie Mae filed a complaint in the 23rd District Court in Taylor, Michigan, seeking

termination of tenancy. According to Fannie Mae, Manglos was wrongly holding over after the expiration of the redemption period following a mortgage foreclosure sale. (Doc. No. 1, Ex. A).

Thereafter, Manglos filed a counter/third-party complaint. In Count I, Manglos contests the legality of the foreclosure sale, claiming irregularities in the process. (Doc. No. 6). In Count II, Manglos alleges a breach of a forbearance agreement by BANA when it failed to evaluate him for a permanent loan modification. (Id.) Lastly, in Count III, Plaintiff alleges the sheriff's sale violated the statute and a judicial foreclosure was required. (Id.)

Third-party Defendant Federal Housing Finance Agency, "an independent agency of the Federal Government" removed the action to this Court pursuant to 28 U.S.C. § 1442(a). The Court already dismissed it from this action. Fannie Mae and BANA also move for dismissal.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows a district court to dismiss a complaint that fails "to state a claim upon which relief can be granted." "This rule allows a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if every allegation in the complaint is true." Tidik v. Ritsema, 938 F.Supp. 416, 421 (E.D. Mich. 1996). Thus, when faced with a Rule 12(b)(6) motion to dismiss, a district court "must construe the complaint in the light most favorable to the plaintiff, [and] accept all factual allegations as true[.] In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).

To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 679 (internal quotation marks and citation omitted). In deciding where a complaint states a plausible claim, the court must employ common sense in assessing whether the facts merely permit an inference of the possibility of misconduct.

### III. ANALYSIS

In this case, the parties have provided matters outside the pleadings. Pursuant to Rule 12(d), when "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Nevertheless, a court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007). In addressing the merits of Defendants' motion, the Court has considers the Note, Mortgage, assignments, and correspondence, which are incorporated into the complaint by reference. These matters are at the heart of the parties' dispute.

### A. Foreclosure by Advertisement

4

Statutory law governs foreclosure sales by advertisement in Michigan, and sets forth the steps that a mortgagee must take to foreclose. Conlin v. Mortg. Elec. Registration Systems, Inc., 714 F.3d 355, 360 (6th Cir. 2013). In addition, the statute controls the rights of the mortgagee and the mortgagor after the sale is completed. Id. The statute limits a mortgagor's right to redeem foreclosed property to a six-month period following a sheriff's sale. Mich. Comp. Laws § 600.3240(8). When a mortgager fails to redeem the property within the allotted time, his "right, title, and interest in and to the property" are extinguished. Mich. Comp. Laws § 600.3236; see also Conlin, 714 F.3d at 360 (citing Piotrowski v. State Land Office Bd., 4 N.W.2d 514, 517 (Mich. 1942)). "The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement. . .in the absence of a clear showing of fraud, or irregularity." Id.

Manglos does not advance a fraud claim; the grounds for his claim are alleged irregularities in the foreclosure process. First, Plaintiff asserts irregularity because the Notice of Foreclosure incorrectly identified BACHLS as the servicing agent. In fact, BACHLS did not exist as a functioning entity at the time of the publication as evidenced by the Certificate of Merger, which was effective July 1, 2011. Second, Manglos asserts that there was no chain of title reflecting BANA's interest in the Property. Because Mich. Comp. Laws § 6000.3212 requires the notice of foreclosure to include "the name of the mortgagor, the original mortgagee, and the foreclosing assignee, if any," Plaintiff concludes that the statutory requirements were not met.

Manglos is correct that under Michigan law, when a merger takes effect, the title to

5

all real estate and other property rights are vested in the surviving entity. Moreover, the surviving entity may only use the name or the assumed name of the merged entity if certain filings are made. See Mich. Comp. Laws § 450.1735(9)(b); 450.1736(c). His conclusion that the foreclosure must be declared void ab initio, however, is not correct because even if BACHLS was no longer a functioning entity, an assignment is not required. Here, BANA stepped into the shoes of BACHLS. See Winiemko v. GE Capital Mortgage Serv., Inc., No 177827, 1997 WL 33354482, at * 2 (Mich. Ct. App. Jan.17, 1997); 2004 Mich. O.A.G. No. 7147; 2004 WL 79109 (Jan 9, 2004) (observing that the initiation of a Sheriff's sale under M.C.L. § 600.3204(3) was proper even where no assignment from the merging entity into the surviving entity). Further, the Michigan Supreme Court has made clear that the failure to identify BANA, in and of itself, creates no cause of action. In Kim v. JP Morgan Chase Bank, N.A., 825 N.W.2d 329, 337 (Mich. 2012), the Court held that "defects or irregularities in a foreclosure proceeding result in a foreclosure that is voidable, not void ab initio."

> In this regard, to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply with MCL 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute.

Thus, for Manglos to prevail on his claim, he must show that the alleged defect caused him prejudice. Id. Specifically, if Manglos "would have been in no better position had notice been fully proper" and Manglos "lost no potential opportunity to preserve some or any portion of his interest in the property," the foreclosure sale, which was completed before Manglos filed his suit, must be upheld. Lessl v. CitiMortgage, Inc., No. 11-2285, 2013 WL

610904, at * 1 (6th Cir. Feb.19, 2013) (quoting Jackson Inv. Corp. v. Pittsfield Prods., Inc., 162 Mich.App. 750, 756, 413 N.W.2d 99, 101 (1987)). Consequently, here, where Manglos received notice of the foreclosure sale, even if the notice did not fully comport with the statutory requirements, and Manglos received several opportunities to pay the loan and avoid foreclosure, his rights were extinguished when the redemption period expired. At that time, Manglos lost any right, title, or interest in the Property. Rea v. IndyMac Mortgage Servs., 12-13440, 2013 WL 2250239 (E.D. Mich. May 22, 2013). Therefore, Defendants are entitled to dismissal of Count I.

### B. Breach of contract

Next, the parties dispute they entered into a forbearance agreement, and whether the agreement was breached. Manglos argues that he made payments under an enforceable forbearance agreement with a July 16, 2009, effective date. According to Manglos, he understood that he would be "evaluated for a permanent modification of [his] loan and foreclosure activity would be suspended." Countercomplaint at ¶ 33. He states that pursuant to the forbearance agreement, he made six trial payments, but was not evaluated for a permanent modification. Countercomplaint at ¶¶ 34, 35.

In contrast, Defendants assert that Manglos never alleged that he returned a signed agreement, as required by the terms of the proposed forbearance agreement. Even if the Court assumes that Plaintiff included such an allegation, the terms of the proposed agreement neither forgave the Loan nor promised modification. (See Doc. No. 9, Ex. 23).

Under the forbearance agreement, during the deferral period, BACHLS agreed to review the Loan and "determine whether additional default resolution assistance [could] be offered." (Id.) Five alternatives were articulated, including commencement of regularly

scheduled payments and additional payments on terms determined by BACHLS "until all past due amounts owed under the Loan documents have been paid in full; reinstatement of loan in full; an offer to modify the loan; some other form of payment assistance or alternative to foreclosure; or commencement of foreclosure proceedings. (Doc. No. 9, Ex. 23 at C). Moreover, The paragraph immediately following the additional assistance provision reads:

> **No Modification. I understand that this Agreement is not a forgiveness of payments on my Loan or a modification of Loan Documents.** I further understand and agree that the [BACHLS] is not obligated or bound to make any modification of the Loan Documents or provide any other alternative resolution of my default under the Loan Documents.

(Doc. No. 9, Ex. 23 at D) (emphasis in original).

In light of the language of the proposed forbearance agreement, Manglos cannot state a claim for breach of contract, even assuming the agreement was executed. The terms undermine his claim. Accordingly, he fails to state a claim for breach of contract.

### C. Statutory Remedies

Next, Manglos alleges that Defendants did not comply with Mich. Comp. Laws § 600.3205c(1) or (3). Section 600.3205c(1) provides that when a borrower, such as Plaintiff, has complied with certain prerequisites, the designated person "shall work with the borrower to determine whether the borrower qualifies for a loan modification" Under subsection (3), if a government-sponsored enterprise purchased the mortgage loan, then the designated person mush follow the government-sponsored guidelines. Manglos contends that Fannie Mae, a government-sponsored enterprise, had to comply with the

8

Home Affordable Modification Program ("HAMP")[1], that Plaintiff qualified for a modification under the program, but it was denied. Therefore, the foreclosure had to proceed before a judge.

Subsection (8) of the statute informs the borrower that if the mortgage holder or servicer initiates foreclosure proceedings in violation of the provision, the borrower may file an action to convert the proceedings to a judicial foreclosure. Therefore, Manglos' remedy for the violations alleged was to convert the foreclosure by advertisement to a judicial foreclosure. See Juliao v. Mortgage Electronic Registration System, Inc., No. 12-14471, 2013 WL 1147655, at * 2-3 (E.D. Mich. March 19, 2013); Ware v. Deutsche Bank Nat'l Trust Co., No. 12-10957, 2013 WL 592549, at * 8-9 (E.D. Mich. Feb.14, 2013). Manglos took no such action prior to the foreclosure sale.

Moreover, a violation of the loan modification statute, standing alone, is not enough to show fraud or irregularity under Kim." Acheampong v. Bank of New York Mellon, No. 12-cv-13223, 2013 WL 173472, at * 7-8 (E.D. Mich. Jan.16, 2013) (internal citations omitted). See also Conlin, 714 F.3d at 362 (6th Cir. 2013) ("Post-Kim, Michigan mortgagors seeking to set aside a sheriff's sale under § 600.3204 will have to demonstrate prejudice (e.g., double liability")).

In sum, the facts of this case are similar to those before the Sixth Circuit in Smith v. Bank of Am. Corp., 485 F. App'x 749 (6th Cir. 2012). In that case, the plaintiffs, who

---

[1] HAMP does not authorize a private right of action. See Wigod v. Wells Fargo Bank, NA, 673 F.32d 547, 559 n.4 (7th Cir. 2012). Accord Hart v. Countrywide Home Loans, Inc., 735 F. Supp. 2d 741 (E.D. Mich. 2010) (observing that although mortgage servicers are encouraged to modify loans, the statute does not require mortgage servicers to modify loans.)

9

were experiencing financial difficulties, contacted the defendant bank to discuss modification of their mortgage loan. Id. at 751. The plaintiffs asserted that after the bank offered assurance that they could keep their home, the bank initiated foreclosure and obtained the property at a sheriff's sale. The plaintiffs filed suit after the redemption period expired, advancing a claim that the bank violated § 600.3205c when it failed to modify their mortgage loan. Id. at 756. As is the case before this Court, the Smith plaintiffs alleged that that the bank "failed to complete the loan modification process in accordance with the statute, denied the [ ] loan modification, and failed to provide a copy of any calculations the [b]ank made and a copy of the program." Id. The Sixth Circuit concluded that the facts did not state a violation of the statute, reasoning that the statute merely allowed the plaintiffs "to enjoin a foreclosure by advertisement and convert it to a judicial foreclosure: they brought this action after the foreclosure sale occurred, and so there is no foreclosure to enjoin or convert." Id. (citing Mich. Comp. Laws § 600.3205c). Accord Acheampong v. Bank of New York Mellon, 12-13223, 2013 WL 173472 (E.D. Mich. Jan. 16, 2013).

Therefore, Manglos' claim that he qualified for a modification, and Defendant never complied with its statutory obligations, does not create a cause of action post forfeiture. His position fails to account for the legal authority demonstrating that a breach of the loan modification statute does not preclude the bank from foreclosing. It merely provides a plaintiff with the option to convert a foreclosure by advertisement proceeding to a judicial foreclosure. Mich. Comp. Laws § 600.3205c(8).

## IV. CONCLUSION

For the reasons stated, Defendants' motion is **GRANTED.**

**IT IS SO ORDERED.**

              s/Marianne O. Battani
              MARIANNE O. BATTANI
              UNITED STATES DISTRICT JUDGE

Date: August 29, 2013

**CERTIFICATE OF SERVICE**

 Copies of this Order were mailed to and/or electronically filed to counsel of record on this date.

              s/Bernadette M. Thebolt
              Case Manager